36 C.C.P.A.(Patents)

**Application of BRIGGS.**

**Patent Appeal No. 5498.**

United States Court of Customs and Patent Appeals.

June 28, 1949.

Semmes, Keegin, Beale & Semmes, Washington, D. C. (Harry H. Semmes and Irvin S. Thompson, Washington, D. C., of counsel), for appellant.

W. W. Cochran, Washington, D. C. (E. L. Reynolds, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL and JOHNSON, Judges.

O'CONNELL, Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all the claims, Nos. 1, 3, 4, 6 to 10, inclusive, 16 and 17, in appellant's application for a patent for an alleged invention relating to filtration

and more particularly to a filter mass adapted to the filtration of oil.

Appellant has moved to dismiss the appeal as to claims 1, 3, 6 to 10, inclusive, 16 and 17. That motion will be granted, thereby limiting the appeal to the single remaining claim 4, defined as follows:

"4. A filter comprising a relatively compact but porous mass consisting primarily of individually discrete wood fibers of substantially uniform size, the fibers being coated with the natural cellulose coating in a practically intact condition and also carrying the middle lamella in a chemically unchanged condition, and means to pass the fluid to be filtered through said mass."

The following prior patents were cited as references by the tribunals of the Patent Office:

Grandjean 571,474 Nov. 17, 1896; Mason 1,663,504 Mar. 20, 1928; Sweetland 1,764,660 June 17, 1930; Asplund 2,008,892 July 23, 1935; Orr 2,148,708 Feb. 28, 1939; Mason 2,080,078 May 11, 1937; Malanowski· 2,269,725 Jan. 13, 1942.

Appellant's application discloses that the claimed filter mass is comprised of wood fibers preferably molded into the form of a block in a more or less felted condition, but if it is desired to form the pulp into felted sheets, the same may be done by any conventional paper making process. Appellant states that—"Claim 4 is more specific in reciting a filter comprising a relatively compact but porous mass consisting primarily of individually discrete wood fibers of substantially uniform size. This claim further recites that the fibers are coated with the natural cellulose coating in a practically intact condition. In addition, the claim recites that the fibers carry the middle lamella in a chemically unchanged condition. These limitations distinguish the claim from the prior art, none of which shows individually discrete fibers of substantially uniform size coated with the natural cellulose coating in a practically intact condition and carrying the middle lamella in a chemically unchanged condition."

In view of the present state of the record, a number of the references need not be discussed.

The patent to Sweetland discloses a filter for use in internal combustion engine oil purifying systems, comprising a spirally wound sheet of fibrous material. The specific fibrous material employed by the patentee is not the same as that defined in the claim on appeal, although the filter disclosed by Sweetland is otherwise substantially identical with the filter claimed by appellant.

The patent to Asplund discloses a process for the production of pulp, used to make cardboard, wallboard, insulating board and similar products, from lignocellulose material, such as wood chips, wherein the chips are ground after being heated 20 to 40 seconds with steam at a temperature of preferably 212°F. to 390°F. The treatment of the wood in Asplund's process produces discrete wood fibers which retain their ligno-cellulose coating and acts to melt the middle lamella of the wood, but the temperature, as appellant admits in his brief, "is not high enough to have appreciable effect on the ligno-cellulose coating of the fibers." Asplund states that "The pulp produced according to this invention is of a very uniform character, virtually free from slivers and large fiber bundels."

The patent to Orr discloses, among other things, a fibrous filter medium for use in connection with fluids containing appreciable solid contents. The patentee states that in his investigations he found insulating boards, available on the open market, "have the necessary characteristics to render them suitable for use as filter media."

Appellant in his specification refers to the cited Asplund patent, as well as to two other Asplund patents, as disclosing defibrators by the use of which appellant's material can best be procured.

The examiner rejected claim 4 as unpatentable over the disclosure of the patent to Sweetland in view of the disclosure of the patent to Asplund. The Board of Appeals, after summarizing the disclosure of cited art of record and comparing them with the disclosure upon which appellant based his claims, affirmed the decision of the examiner, and in so doing stated: " * * * We do not consider that the mere use in a filter of wood pulp made by

one process for that made by another process constitutes invention. The porosity of the filter and the length of the fibers, * * * is not considered to be anything more than a matter of degree and choice. * * *"

Considering the facts hereinbefore set forth, as well as all facts disclosed in the record, we find that we are in agreement with the decision of the Board of Appeals affirming that of the examiner for the reasons stated.

In view of that conclusion, it is deemed unnecessary to discuss other points raised by counsel. The appeal as to claims 1, 3, 6 to 10, inclusive, 16 and 17 is dismissed and the decision of the Board of Appeals with respect to claim 4 is affirmed.

Affirmed.

By reason of illness, HATFIELD, Judge, was not present at the argument of this case and did not participate in the decision.